## AFFIDAVIT

| | |
|---|---|
| STATE OF ILLINOIS | ) Affiant adopts all factual claims |
| | ) in this Motion and/or referencing |
| ERIC DEXTER WELCH | ) this Affidavit as true and correct |
| Fed. Reg. #10444-089 | ) extensions of this Affidavit, |
| Federal Bureau of Prisons | ) even if they do not explicitly |
| U.S.P. Marion | ) appear here below. |
| Marion, IL 62959 | ) File No. 07-2225-FH |
| | Michigan Circuit Court |

I, ERIC DEXTER WELCH, first being duly sworn and states that if called upon to testify in this matter I would testify as follows, to-wit:

1. I am a 41-year old citizen of the United States and tender this infor-information voluntarily, and without external influence.

2. I was arrested on May 29, 2007, pursuant to a State Police investigation involving an adult prostitute, an undercover officer/agent posing as an underage prostitute, and the use of a telecommunications device which "spoofed" another, non-involved party's number. [i.e. a cell phone with minutes purchased and activated as an 'emergency' cell phone; the number appearing on the called party's end was not 'programmed'-in, per se, but rather was semi-random].

3. It is further my recollection that Mark Wisti, my defense attorney at the time, entered the affirmative defense of entrapment in open court in June, 2007. Mr. Wisti and I both agreed this was a meritorious defense, as was expressed at sentencing, indirectly (August 31, 2007, Sentencing Tr. pp. 27-28):

   > Mr. Wisti: ...Ah, what occured here is that the Michigan State Police used a prostitute to contact Mr. Welch and advise him that she had a...fourteen-year-old girl to have sex with him, and Mr. Welch, and I don't condone this behavior at all, Your Honor, bit on that hook, line, and sinker. But this is not a case where he was out preying on the Internet and approached someone at random, but was in fact picked out by the police and this prostitute.

   This defensive strategy was abandoned, however, once a forensic computer exam by Rajala's agent Timothy Blanksvard revealed unallocated space website data of child pornography, buried in with and outnumbered by legal pornography. The discovery was both shocking and repulsive to me, and my wife Krista. We were both present at all plea meetings, after its discovery. This discovery took place in early July, 2007, a little over a month after seizure of the evidence.

4. It is further my recollection, that my defense changed dramatically. It changed in the sense it went from a well-publicized event to one shrouded in secrecy. These events took place on or about the second week of July, 2007.

Exhibit C

5. It is further my recollection, that both my wife and I met at Mr. Wisti's office to discuss the terms of the plea agreement. In addition to the Accosting charge I was arrested under, and pursuant to a phone call that took place, more charges became cognizable. State authorities Strome and Tom Rajala administered the Telecommunications charge as a felony to set-up a "three strikes" trigger for me. Mr. Wisti, my wife Krista, and I were all in the room, and all able to hear the voices on the other end of the phone line. Rajala and Strome promised to not seek any additional charges, and also to not seek a federal prosecution and not turn any evidence over. It was further added that state authorities (Strome, Rajala, and their agents) would seek and obtain the permissions to make such a plea, and they would get back in contact with us, regarding confirmation. The evidence was to be destroyed after appeal rights were passed. Any bargained charges of child pornography were to be estopped by the plea and, binding on state and federal jurisdictions.

6. It is further my recollection that, with my wife and Mr. Wisti present at court the day the plea was entered on July 31, 2007, we had a private meeting off to the side of the courtroom. Mr. Wisti explained that he had discussed the plea structure with Mr. Strome, Mr. Rajala, and had a separate meeting with the Honorable Judge Hood. The prosecutor Strome and Detective Tom Rajala indicated that the same plea bargain was unchanged and was good, however, I was not to say anything about the child pornography in open court or mention anything about its not being turned over to the federal government. Without a doubt in the world, I based my acceptance and agreement of the plea on this promise. Being unlearned in law at the time, I considered such negotiations conducted in secrecy to be the norm and relied on the prosecutor, Tom Rajala, and my attorney all making good-faith efforts.

7. I commenced a healthy, reformed life in 2007. My wife and I started a family, and moved to Wisconsin, where I obtained employment as an electrical engineer in February of 2008 until my federal trial on October 4-5 of 2010.

8. I had a reasonable expectation that my plea was good, completed successfully, and any evidence had been destroyed or was estopped by a seal of some kind against inter-governmental dissemination and/or use. I had no reason to expect Rajala would prostitute images of children being abused in order to obtain another conviction for me. Indeed, after my successful completion of jail and probation, these images became the private collection of Rajala and his agents; images which should have been condemned to the fire, in my belief and opinion.

Further Deponent/Affiant Saith Not, _____
Eric D. Welch, #10444-089

On this 2 day of March, 2012, before me a Notary Public in and for said County, personally appeared the above-named Eric D. WELCH, and made oath, that he has read the foregoing Affidavit by himself subscribed and knows the contents thereof and that the same is true of his own knowledge except as to those matters therein stated to be on his information and belief and as to those matters he believes it to be true.

OFFICIAL SEAL
ERIC EDMISTER
Notary Public - State of Illinois
My Commission Expires Oct 19, 2015

Exhibit C