UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ERIC DEXTER WELCH,

        Plaintiff,                      Case No. 2:17-cv-38

v.                                           Honorable Gordon J. Quist

MARK L. DOBIAS,

        Defendant.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

        Plaintiff Eric Dexter Welch, a federal prisoner currently confined at the United States Penitentiary in Marion, Illinois, filed this *pro se* civil action against attorney Mark L. Dobias. Plaintiff states that he is filing this lawsuit as "either a *Bivens* action, a 42 U.S.C. § 1983 action, or

both." Plaintiff states that Defendant represented him during his federal criminal trial, which resulted in a 2010 conviction. Plaintiff complains that Defendant's representation violated his First Amendment right of access to the courts, his Fourteenth Amendment right to due process, and his right under state law. Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages.

## Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that his complaint is "either a *Bivens*[1] action, a 42 U.S.C. § 1983 action, or both." However, to prevail on a Section 1983 claim, Plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Similarly, in order to prevail on a *Bivens* claim, Plaintiff must show that a person acting under color of federal authority deprived him of his constitutional rights. *Mueller v. Gallina*, 137 Fed. App'x 847, 850 (6th Cir. 2005) (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002)).

Defendant in this case is a private attorney who represented Plaintiff during his federal criminal proceedings. Plaintiff claims that Defendant was ineffective in his defense of Plaintiff in his federal criminal case. Federal courts have uniformly held that a criminal defense attorney is not acting under color of law in either state or federal court, whether appointed or retained.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), (quoting *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). This rule is applicable to court appointed counsel, as well as retained private attorneys. *See White v. Robertson–Deming,* 9 Fed.Appx. 418, 419 (6th Cir. May 16, 2001), *available in* 2001 WL 549211 (noting court-appointed defense counsel is not state actor for purpose of § 1983); *James v. Mann,* 234 F.3d 1268 (6th Cir.2000), *available at* 2000 WL 1679505, *2 (citing *Catz v. Chalker,* 142 F.3d 279, 189 (6th Cir.1998) (concluding retained attorney is not a person acting under color of state law and, thus is not subject to § 1983 suit)); *Deas v. Potts,* 547 F.2d 800 (4th Cir.1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983."); *United States ex rel. Simmons v. Zibilich,* 542 F.2d 259 (5th Cir.1976) (A court-appointed defense attorney acting in a criminal case does not act under color of state law because no state action exists.); *Mulligan v. Schlachter,* 389 F.2d 231, 233 (6th Cir.1968) (A private attorney does not act under color of state law despite the fact he has been appointed by the court). Similarly, an attorney is not transformed into a federal official for purposes of a *Bivens* action merely because he is appointed by a federal court pursuant to federal law. *See Cox v. Hellerstein,* 685 F.2d 1098, 1099 (9th Cir.1982); *Christian v. Crawford,* 907 F.2d 808, 810 (8th Cir.1990) ("[A]ttorneys are not transformed into federal officials for purposes of *Bivens* action merely because they are appointed by a federal court pursuant to a federal law"); *Haley v. Walker,* 751 F.2d 284, 285 (8th Cir.1984) (attorney appointed by federal court is not a federal officer for purposes of a *Bivens*-type action).

"A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[ ] ... and when representing an indigent defendant in a state criminal proceeding ... the public defender does not act under color of state law for purposes of § 1983 because 'he is not acting on behalf of the State; he is the State's adversary.' " *West v. Atkins,* 487 U.S. at 50 (quoting *Polk County v. Dodson,* 454 U.S. at 322 n. 13). The same holds true for a criminal lawyer appointed by the government to represent an indigent defendant in a federal criminal proceeding. *See Christian v. Crawford,* 907 F.2d at 810.

*Beasley v. Poole*, 2011 WL 2689347, at *7–8 (E.D. Tenn. July 11, 2011).

Therefore, it is clear that the named Defendant in this case was not acting under color of law and may not be sued pursuant to 42 U.S.C. § 1983 or *Bivens*.  Accordingly, the Court will dismiss Plaintiff's complaint.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: May 10, 2017  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE