UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARCY KAE KAMINSKI,

    Plaintiff,

v.

Case No. 1:16-CV-1159

HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner) regarding Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

**STANDARD OF REVIEW**

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the

facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was forty-five years of age on the date of the ALJ's decision. (PageID.53, 120, 131.) She completed high school and was previously employed as a cashier, as a fast food restaurant worker, and as a glass inspector. (PageID.79, 113–114.) Plaintiff applied for benefits on November 16, 2013, alleging disability beginning August 30, 2012, due to bipolar disorder, depression, and extreme trauma. (PageID.120, 131, 205–217.) Plaintiff's applications were denied on April 21, 2014, and Plaintiff subsequently requested a hearing before an ALJ. (PageID.147–159.) On June 23, 2015, Plaintiff appeared with her counsel before ALJ Donna Grit for an administrative

2

hearing at which time Plaintiff and a vocational expert (VE) both testified. (PageID.73–119.) On July 20, 2015, the ALJ issued an unfavorable written decision that concluded Plaintiff was not disabled. (PageID.53–72.) On August 9, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.31–35.) Thereafter, Plaintiff initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. §§ 404.1520(f), 416.920(f)).

Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Grit determined that Plaintiff's claim failed at step five. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (PageID.58.) At step two, the ALJ found that Plaintiff suffered from the severe impairments of obesity, bipolar disorder, anxiety disorder, cluster B personality traits, and hypothyroidism. (PageID.58–59.) At step three, the ALJ found that prior to May 21, 2015, Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (PageID.59–61.) At step four, the ALJ determined that Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she cannot climb ladders, ropes, or scaffolds; she cannot understand, remember, or perform more than simple tasks or make more than simple decisions; and she cannot maintain more than occasional interaction with co-workers, supervisors, or the general public. She can adapt to routine changes in the workplace.

(PageID.61.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of her past relevant work. (PageID.66.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform work in the following representative jobs: machine tender (101,000 national positions), assembler (250,000 national positions), and line attendant (125,000 national positions). (PageID.114–115.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.67.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from November 26,

2013, the alleged disability onset date, through July 20, 2015, the date of decision. (PageID.68.)

**DISCUSSION**

On November 30, 2016, the Court filed a Notice that directed the filing of briefs in this case. Among other things, the Court stated that "Plaintiff's initial brief . . . must contain a Statement of Errors, setting forth in a separately numbered section, each *specific* error of fact or law upon which Plaintiff seeks reversal or remand." (PageID.412) (emphasis added.) Plaintiff's brief provides only a generic statement of errors, alleging that the Commissioner failed to give appropriate weight to the medical experts, violated agency rules, failed to provide a fair and full hearing, and misapplied the law. (PageID.420.) The Court therefore must frame the issues for review.[2] After examining Plaintiff's brief, the Court gleans the following issue: The ALJ erred in assigning little weight to the opinion of Ms. Julie Escareno, LMSW. (*See* PageID.420–428.) For reasons expressed below, however, this claim does not merit relief.

    *A.*    *Ms. Escareno's Opinions.*

On March 11, 2014, and May 20, 2014, Julie Escareno, LMSW, completed form reports regarding Plaintiff's ability to perform mental work-related activities. (PageID.265–271, 384–388.) In both reports, Ms. Escareno concluded that Plaintiff suffered from extreme, work-preclusive limitations. The ALJ afforded little weight to the opinions on the ground that they were inconsistent with the medical evidence, including Ms. Escareno's own contemporaneous treatment notes. (PageID.65–66.) Plaintiff argues that she is entitled to relief because the ALJ failed to afford proper weight to Ms. Escareno's opinions.

    *B.*    *Analysis of the ALJ's Evaluation.*

---

[2] Plaintiff's counsel is cautioned that future briefs failing to provide a Statement of Errors containing specific alleged errors may be stricken.

By way of background, the treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating physician if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers,* 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must provide "good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "'are not well-supported by any objective findings' and are 'inconsistent with

other credible evidence'" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine how much weight to afford the opinion. *Gayheart*, 710 F.3d at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) the specialization of the treating source; and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g.*, *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 F. App'x 448, 450 (5th Cir. 2007).

First, under the regulations in effect at the time of the ALJ's decision, Ms. Escareno, a social worker, is not considered an acceptable medical source. Thus her opinion is not entitled to any special deference. *See* 20 C.F.R. §§ 404.1502, 404.1513(a), 416.902, 416.913 (2013); *Dykes v. Colvin*, 2014 WL 585319, at *3 (W.D. Ky., Feb.13, 2014). The requirement that an ALJ articulate "good reasons" for affording less than controlling weight to a care provider's opinion only applies to opinions rendered by acceptable medical sources. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

Nevertheless, social workers and other unacceptable medical sources, are permitted to offer statements regarding "the severity of [a claimant's] impairment(s) and how [such] affects [her] ability to work." *See, e.g.*, 20 C.F.R. §§ 404.1513(d); 416.913(d) (2013). While such statements can never be afforded controlling weight, the ALJ must evaluate them by reference to the factors identified above. *See, e.g., Gayheart*, 710 F.3d at 378 ("[t]he factors set forth in 20

7

C.F.R. § 404.1527 . . . represent basic principles that apply to the consideration of all opinions from medical sources . . . who have seen the individual in their professional capacity").

The most specific form completed by Ms. Escareno assessed Plaintiff's abilities in twenty-five separate areas of functioning. Ms. Escareno concluded that Plaintiff was unable to meet competitive standards in twenty-two of them. The medical evidence, however, reveals that while Plaintiff experiences certain emotional impairments, the severity of such is modest and responsive to treatment. Contrary to Ms. Escareno's indications that Plaintiff withdrew from most activities, Plaintiff is able to care for her son, listen to music, and watch television. (PageID.266, 311, 325.). The ALJ's rationale for discounting Ms. Escareno's opinions is supported by substantial evidence. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **AFFIRMED**.

A separate judgment shall issue.


Dated: August 21, 2017            /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE