## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 25, 2018

Mr. Eric Dexter Welch
U.S.P. Marion
P.O. Box 1000
Marion, IL 62959

        Re: Case No. 17-2047, *Eric Welch v. Mark Dobias*
           Originating Case No. : 2:17-cv-00038

Dear Mr. Welch:

  The Court issued the enclosed Order today in this case.

                      Sincerely yours,

                      s/Jeanine R. Hance
                      Case Manager
                      Direct Dial No. 513-564-7037

cc:  Mr. Thomas Dorwin

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-2047

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ERIC DEXTER WELCH, | ) | **FILED** |
| | ) | Apr 25, 2018 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MARK LOUIS DOBIAS, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

O R D E R

Before: SILER and THAPAR, Circuit Judges; HOOD, District Judge.[*]

Eric Dexter Welch, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and state law. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Welch filed a complaint against attorney Mark L. Dobias. He asserted that Dobias was appointed to represent him in his federal criminal prosecution. Welch explained that the federal prosecution followed his state prosecution, which culminated in his convictions pursuant to guilty and nolo contendre pleas supported by a plea agreement with the State of Michigan.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 17-2047
- 2 -

Welch argued that the State of Michigan breached the plea agreement by forwarding evidence from his state case to federal authorities, which ultimately led to his federal criminal prosecution and conviction. Welch challenges Dobias's advice and representation during his federal criminal proceedings, specifically concerning Dobias's failure to challenge the State's alleged violation of the plea agreement in his state case. He also argued that Dobias's advice caused his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254 and challenging his state convictions, to be dismissed as time-barred. He claimed that Dobias violated his rights to access the court and to due process, and that Dobias engaged in legal malpractice and negligent misrepresentation. He sought declaratory, injunctive, and monetary relief.

The district court dismissed Welch's complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief may be granted. The district court also denied Welch's motion for reconsideration filed pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). This timely appeal followed.

We review de novo a district court judgment dismissing a complaint under § 1915(e), § 1915A, and § 1997e. *Wershe v. Combs*, 763 F.3d 500, 505 (6th Cir. 2014). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Welch's complaint failed to state a claim for relief against Dobias under § 1983 or *Bivens*. "To establish a claim under § 1983, a plaintiff must show that he was deprived of rights guaranteed under the United States Constitution or federal law by a person acting 'under color of state law.'" *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) (quoting *Strickland ex rel. Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997)). Dobias is not a state actor subject to liability under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Nor is Dobias a federal actor subject to liability under *Bivens*. *See Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002).

No. 17-2047
- 3 -

In his appellate brief, Welch argues that the district court failed to address his legal malpractice and negligent misrepresentation claims. We agree. In his complaint, Welch alleged that diversity jurisdiction existed for both claims under § 1332 because he is a citizen of Wisconsin, Dobias is a citizen of Michigan, and the amount in controversy exceeded $400,000. As such, the district court should have decided whether it had subject-matter jurisdiction over Welch's state law claims, and if so, whether his allegations were sufficient to withstand dismissal under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c).

Accordingly, we **REMAND** the case to the district court for further proceedings consistent with this order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk