UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ERIC DEXTER WELCH,

       Plaintiff,                      Case No. 2:17–cv–00038–GJQ–TPG

v.                                        Hon. Gordon J. Quist

MARK L. DOBIAS,

       Defendant.
_____/

**STANDARD CASE MANAGEMENT ORDER
IN A PRISONER CIVIL RIGHTS CASE**

     IT IS HEREBY ORDERED that, unless otherwise directed by the Court, the following shall govern in this case:

1.   RESPONSE TO THE COMPLAINT:   By virtue of 42 U.S.C. § 1997e(g)(1), no defendant is required to file a response to the complaint.  The only action required of any defendant is the filing of an appearance within the time allowed by the Court's order of service.  No default will be entered against any defendant for exercising the right under section 1997e(g)(1) not to respond to the complaint.  If, after the close of the dispositive motion period under paragraph 5 of this order, no response has been filed, the Court may direct the filing of an answer.

2.   MOTIONS TO DISMISS:

     (a)  Rule 12(b)(6) Motions.   The Court has conducted an initial review of the complaint pursuant to 28 U.S.C. §1915(e), §1915A and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant that is immune from such relief.  Upon initial review, the Court concludes that the complaint is not subject to dismissal for any of the reasons listed above.  In reaching this conclusion, the court has determined that the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  Accordingly, the Court discourages the filing of motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

    (b)  <u>Motions to Dismiss on the Ground of Qualified or Sovereign Immunity</u>. A defendant may file a motion to dismiss on the ground of qualified or sovereign immunity, only if the motion accepts all plaintiff's well–pleaded allegations as true and relies only on the complaint and attachments.  If a defendant files a motion complying with this paragraph, discovery will be stayed at defendant's request.  All motions raising qualified or sovereign immunity on the basis of affidavits or other documents outside the pleadings must be by motion for summary judgment.

    (c)  <u>Failure to Exhaust Remedies</u>.  The affirmative defense of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) may not be raised by motion to dismiss, as plaintiff has no obligation to plead exhaustion.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  This defense must be raised by motion for summary judgment, properly supported.  If any defendant files a summary judgment motion raising *only* failure to exhaust remedies, a period of 45 days will be allowed for plaintiff's discovery, *limited to the exhaustion issue only*.  Plaintiff's response to the motion will be due 28 days after the close of this limited discovery period.

3.  <u>MOTIONS TO STAY DISCOVERY</u>:  A request by a defendant to stay discovery will be granted only if defendant has moved to dismiss on grounds of qualified or sovereign immunity alone.  A stay of discovery is never appropriate where there are factual issues relating to qualified immunity.  *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011).  Therefore, a motion for summary judgment raising qualified immunity on the basis of facts outside the pleadings will generally not be grounds for a stay of discovery.

4.  <u>DISCOVERY</u>:   Absent the issuance of an order staying or limiting discovery, all discovery by or against a defendant must be completed within 120 days from the date of this order.  All discovery motions must be filed within the same period.  The parties are limited to 10 interrogatories, 10 requests for admissions, and 5 requests for production of documents for each opposing party.  Defendants are hereby authorized to take Plaintiff's deposition pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure.  Except as provided above in paragraph 2(c) (motions for summary judgment raising only failure to exhaust state remedies) and paragraph 2(b) (motions to dismiss raising only qualified or sovereign immunity), the filing of a dispositive motion will not delay or impede discovery or provide any party with an objection to an otherwise proper discovery request.

5.  <u>MOTIONS FOR SUMMARY JUDGMENT</u>:   Each party may file one motion for summary judgment no later than 28 days after the close of discovery.  The parties must comply with Local Rule 7.2 with regard to the briefing schedule and page limits.  Successive motions for summary judgment will not be permitted without leave of court.  A motion for summary judgment, limited to the exhaustion issue under paragraph 2(c) of this order, does not count towards the number of summary judgment motions authorized in this paragraph.

6.  <u>TRIAL DATE</u>:   A trial date will be set after the 28 day time period for filing motions for summary judgment has elapsed, if no such motions are filed.  Otherwise, the Court will set a trial date after all dispositive motions have been decided.

Dated:   May 7, 2018  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
U.S. Magistrate Judge