In the United States District Court
For the Western District of Michigan

ERIC D. WELCH., )
    Movant, )
)
vs. ) Civil Cause No.: 2:17-cv-38
)
MARK DOBIAS, )
    Respondent. )

## Second Motion to Appoint Counsel

    **Eric Welch** appears *pro se* and renews his request for counsel. In support, Mr. Welch avers the following:

1.     This matter is on remand from the Sixth Circuit Court of Appeals to consider claims of violations to state of Michigan law under diversity of citizenship. 28 U.S.C. § 1332.

2.     Movant previously requested the appointment of counsel. ECF No. 4; the district court denied the request. ECF No. 7.

    In the order denying counsel, the district court recognized three reasons to have recruited counsel assist the indigent prisoner litigant: **(1)** The complexity of the issues; **(2)** the procedural posture of the case; and **(3)** Plaintiff's apparent ability to prosecute the action without the help of

      counsel. (ECF No. 7, citing *Lavabo v. Cohen*, 992 F.2d 601, 606 (6th Cir. 1993).) The district court decided that "at this stage of the case" (i.e. April 2017), "the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position." ECF No. 7.

3. Now over a year later, after successful appeal remand and proceeding on the merits, the issues in this case are ripe for a Michigan-based attorney's assistance. Plaintiff – who resides out-of-state – apprehends the difficulty of the case as complex factors and legal issues he currently believes to be unable to handle well on his own.

4. Despite training and practice as a paralegal Movant has limited knowledge of the law. Attached to this motion are copies of several letters he has written Michigan-based counsel asking for help.

5. The institution's law library has been closed often (due to staff parties, short staffing and union issues). In addition, according to the attached administrative remedy (Attachment A), USP-Marion **has no state-court law resources** (common law, statutes, annotated references, reporters, etc). As such, Mr. Welch is litigating a state-court civil rights case from outside the state of Michigan with little or no access to resources to meet the ends of justice.

      For example, Plaintiff has substantial research support for legal malpractice and negligent misrepresentation. However, the state of Michigan Constitution also ostensibly prohibits negligent interference of access to the courts. Other negligent acts are covered by state law as well; thus, Plaintiff is composing an amendment under Fed. R. Civ. Proc. 15(c), and requires assistance he currently lacks. The Michigan Compiled Law annotations and case law are not something Movant may meaningfully access.

6. In deciding whether to grant counsel, this court should consider whether the case has merit. *Risley v. Hawk*, 108 F.3d 396 (D.C. Cir. 1997). Since the remand from the Sixth Circuit at bar, the district court magistrate Timothy Greely has determined that the case for releief "is plausible on its face." (ECF No. 25)

7. Plaintiff's ability to investigate the facts, access witnesses, and obtain document availability is ineffective due to his location. *Tucker v. Randall*, 948 F.2d 388, 391-92 (7th Cir. 1991) (Prisoner could not effectively investigate case arising in a location he had been transferred from). *See also, Johnson v. Howard*, 20 F.Supp.2d 1128, 1129 (W.D. Mich. 1998) (Counsel appointed to investigate records and locate witnesses which the prisoner was otherwise thwarted from achieving.)

8. Plaintiff expects the facts to be strongly disputed. The Court may consider whether conflicting evidence implicating the need for cross-examination will be important to the case when deciding if appointment of counsel is appropriate. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)

## Conclusion

For the foregoing reasons Mr. Welch requests the appointment of counsel.

July 6th, 2018
Date Executed

/s/ Eric Welch
Eric D. Welch, *pro se*
USM # 10444-089
P.O. Box 1000
Marion, IL  62959

Under penalty of perjury pursuant to 28 U.S.C. § 1746, I swear and verify that the foregoing is true and correct as an affidavit; further, it has been deposited this day in the institution's internal mail system designed for legal mail, United States Postal Service, first-class postage prepaid.

## Certificate of Service

I hereby certify that a copy of the foregoing was mailed this day via United States Postal Service, first-class postage prepaid upon the following:

```
M. Sean Fosmire
1440 W. Ridge St.
Suite C
Marquette, MI 49855-3199
```

July 6th, 2018                                    /s/ _Eric Welch_
Date Executed                                         Eric D. Welch., *pro se*
                                                      USM # 10444-089
                                                      P.O. Box 1000
                                                      Marion, IL  62959

Page 5 of 5

Eric D. Welch
10444-089
United States Penitentiary
P.O. Box 1000
Marion, IL 62959



⇔10444-089⇔
U S Dist Court W D Michigan
110 Michigan ST NW
399 Federal Building
Grand Rapids, MI 49503
United States

Special Mail

Legal Mail

