# 1

The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.

Administrative Remedy No. ▮▮▮▮▮
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal where you allege your Constitutional rights are being violated due to a lack of State legal materials on the Electronic Law Library (ELL) at USP Marion. You seek to have State statute and common law materials added to the ELL and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

The Warden and Regional Director adequately addressed your complaint and we concur with the responses provided. All required materials are maintained on the ELL at USP Marion and there is no requirement for the Bureau to provide you with access to State legal materials. We find you are provided adequate access to legal research materials and there is no indication your rights have been violated. You may seek assistance from your Unit Team if you still need to obtain legal research materials from a specific State.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Accordingly, your appeal is denied.

_5/12/17_
Date

Ian Connors, Administrator
National Inmate Appeals

From the Desk of:
Eric D. Welch
10444-089/Paralegal
P.O. Box 1000
Marion, IL 62959

June 28, 2018

To: Gerald R. Stahl
1600 East Beltline, Suite 209
Grand Rapids, MI 49525
(616) 456-7372

Re: Welch v. Dobias, U.S. D.C. W.D. Michigan, Case No.: 2:17-cv-00038-GJQ

Dear Mr. Stahl:

    I won my appeal at the Sixth Circuit, and the district court has determined a merits-based schedule (see attached orders). Those documents present the posture of the case. The substance pertains to my former federal defense counsel negligently or intentionally interfering with a timely court filing that ultimately scotched my opportunity for federal review of a violated state-court plea agreement.

    I am moving for the appointment of counsel with the court for all the right reasons. You may or may not be familiar with attorneys' fee statutes, such as the Civil Rights Attorneys' Fees Award Act (42 U.S.C. § 1988), and the limitations on fees contained in the Prison Litigation Reform Act (42 U.S.C. § 1997e(d)).

The damages range from $400,000 to $1,200,000. There may be a way for you to structure a contingency fee for an indigent (currently pro se) litigant such as myself. My big problem is the federal prison where I am currently housed (Illinois) has absolutely no state-court law resources for Michigan. I respectfully request a response to this request, since the Court requires me to prove I strived to obtain counsel of my own.

I thank you for your time and consideration to my request and hope to hear from you soon.

Respectfully Yours,

Eric D. Welch

June 28, 2018
Date

From the Desk of:
Eric D. Welch
10444-089/Paralegal
P.O. Box 1000
Marion, IL 62959

June 28, 2018

To: John C. Elkhoury, P.C.
26648 Van Dyke Ave.
Center Line, MI 48015
(586) 501-8796

Re: <u>Welch v. Dobias</u>, U.S. D.C. W.D. Michigan, Case No.: 2:17-cv-00038-GJQ

Dear Mr. Elkhoury:

  I won my appeal at the Sixth Circuit, and the district court has determined a merits-based schedule (see attached orders). Those documents present the posture of the case. The substance pertains to my former federal defense counsel negligently or intentionally interfering with a timely court filing that ultimately scotched my opportunity for federal review of a violated state-court plea agreement.

  I am moving for the appointment of counsel with the court for all the right reasons. You may or may not be familiar with attorneys' fee statutes, such as the Civil Rights Attorneys' Fees Award Act (42 U.S.C. § 1988), and the limitations on fees contained in the Prison Litigation Reform Act (42 U.S.C. § 1997e(d)).

The damages range from $400,000 to $1,200,000. There may be a way for you to structure a contingency fee for an indigent (currently pro se) litigant such as myself. My big problem is the federal prison where I am currently housed (Illinois) has absolutely no state-court law resources for Michigan. I respectfully request a response to this request, since the Court requires me to prove I strived to obtain counsel of my own.

I thank you for your time and consideration to my request and hope to hear from you soon.

Respectfully Yours,

*[signature]*

Eric D. Welch

Date: June 28, 2018

From the Desk of:
Eric D. Welch
10444-089/Paralegal
P.O. Box 1000
Marion, IL 62959

June 28, 2018

To: Miller/Embury
12930 S. West Bay Shore Drive
Traverse City, MI 49684
(888) 224-1239

Re: <u>Welch v. Dobias</u>, U.S. D.C. W.D. Michigan, Case No.: 2:17-cv-00038-GJQ

To Whom It May Concern:

    I won my appeal at the Sixth Circuit, and the district court has determined a merits-based schedule (see attached orders). Those documents present the posture of the case. The substance pertains to my former federal defense counsel negligently or intentionally interfering with a timely court filing that ultimately scotched my opportunity for federal review of a violated state-court plea agreement.

    I am moving for the appointment of counsel with the court for all the right reasons. You may or may not be familiar with attorneys' fee statutes, such as the Civil Rights Attorneys' Fees Award Act (42 U.S.C. § 1988), and the limitations on fees contained in the Prison Litigation Reform Act (42 U.S.C. § 1997e(d)).

The damages range from $400,000 to $1,200,000. There may be a way for you to structure a contingency fee for an indigent (currently pro se) litigant such as myself. My big problem is the federal prison where I am currently housed (Illinois) has absolutely no state-court law resources for Michigan. I respectfully request a response to this request, since the Court requires me to prove I strived to obtain counsel of my own.

I thank you for your time and consideration to my request and hope to hear from you soon.

Respectfully Yours,

Eric D. Welch

Date: June 28, 2018

From the Desk of:
Eric D. Welch
10444-089/Paralegal
P.O. Box 1000
Marion, IL 62959

June 28, 2018

To: Johnny L. Hawkins
2000 Town Center Suite 1900
Southfield, MI 48075
(248) 233-0888

Re: <u>Welch v. Dobias</u>, U.S. D.C. W.D. Michigan, Case No.: 2:17-cv-00038-GJQ

Dear Mr. Hawkins:

    I won my appeal at the Sixth Circuit, and the district court has determined a merits-based schedule (see attached orders). Those documents present the posture of the case. The substance pertains to my former federal defense counsel negligently or intentionally interfering with a timely court filing that ultimately scotched my opportunity for federal review of a violated state-court plea agreement.

    I am moving for the appointment of counsel with the court for all the right reasons. You may or may not be familiar with attorneys' fee statutes, such as the Civil Rights Attorneys' Fees Award Act (42 U.S.C. § 1988), and the limitations on fees contained in the Prison Litigation Reform Act (42 U.S.C. § 1997e(d)).

The damages range from $400,000 to $1,200,000. There may be a way for you to structure a contingency fee for an indigent (currently pro se) litigant such as myself. My big problem is the federal prison where I am currently housed (Illinois) has absolutely no state-court law resources for Michigan. I respectfully request a response to this request, since the Court requires me to prove I strived to obtain counsel of my own.

I thank you for your time and consideration to my request and hope to hear from you soon.

Respectfully Yours,

Eric D. Welch

June 28, 2018
Date

2

From the Desk of:
Eric D. Welch
10444-089/Paralegal
P.O. Box 1000
Marion, IL 62959

June 28, 2018

To:  Heather Joy Atnip
400 Water St.
Suite 205
Rochester, MI  48307
(248) 716-6195

Re: <u>Welch v. Dobias</u>, U.S. D.C. W.D. Michigan, Case No.:  2:17-cv-00038-GJQ

Dear Ms. Atnip:

    I won my appeal at the Sixth Circuit, and the district court has determined a merits-based schedule (see attached orders). Those documents present the posture of the case. The substance pertains to my former federal defense counsel negligently or intentionally interfering with a timely court filing that ultimately scotched my opportunity for federal review of a violated state-court plea agreement.

    I am moving for the appointment of counsel with the court for all the right reasons. You may or may not be familiar with attorneys' fee statutes, such as the Civil Rights Attorneys' Fees Award Act (42 U.S.C. § 1988), and the limitations on fees contained in the Prison Litigation Reform Act (42 U.S.C. § 1997e(d)).

The damages range from $400,000 to $1,200,000. There may be a way for you to structure a contingency fee for an indigent (currently pro se) litigant such as myself. My big problem is the federal prison where I am currently housed (Illinois) has absolutely no state-court law resources for Michigan. I respectfully request a response to this request, since the Court requires me to prove I strived to obtain counsel of my own.

I thank you for your time and consideration to my request and hope to hear from you soon.

Respectfully Yours,

Eric D. Welch

June 28, 2018
Date

From the Desk of:
Eric D. Welch
10444-089/Paralegal
P.O. Box 1000
Marion, IL 62959

June 28, 2018

To: Brian A. McKenna
Sachs Waldman, P.C.
2211 East Jefferson
Suite 200
Detroit, MI 48207
(313) 965-3464

Re: <u>Welch v. Dobias</u>, U.S. D.C. W.D. Michigan, Case No.: 2:17-cv-00038-GJQ

Dear Mr. McKenna:

I won my appeal at the Sixth Circuit, and the district court has determined a merits-based schedule (see attached orders). Those documents present the posture of the case. The substance pertains to my former federal defense counsel negligently or intentionally interfering with a timely court filing that ultimately scotched my opportunity for federal review of a violated state-court plea agreement.

I am moving for the appointment of counsel with the court for all the right reasons. You may or may not be familiar with attorneys' fee statutes, such as the Civil Rights Attorneys' Fees Award Act (42 U.S.C. § 1988), and the limitations on fees contained in the Prison Litigation Reform Act (42 U.S.C. § 1997e(d)).

The damages range from $400,000 to $1,200,000. There may be a way for you to structure a contingency fee for an indigent (currently pro se) litigant such as myself. My big problem is the federal prison where I am currently housed (Illinois) has absolutely no state-court law resources for Michigan. I respectfully request a response to this request, since the Court requires me to prove I strived to obtain counsel of my own.

I thank you for your time and consideration to my request and hope to hear from you soon.

Respectfully Yours,

Eric D. Welch

Date: June 28, 2018

2