FILED - GR
August 13, 2018 9:58 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _kw_   Scanned: kw / 8/13

In the United States District Court

For the Western District of Michigan

---

ERIC D. WELCH.,               )
    Movant,                  )

                           )

vs.                          ) Civil Cause No.: 2:17-cv-38

                           )

MARK DOBIAS,            )
    Respondent.           )

---

## Motion and Brief in Support for Preliminary Injunction

---

**Eric Welch** appears *pro se* and moves the Honorable Court under the

Federal Rules of Civil Procedure, Rule 65, to issue a preliminary injunction

against a participant non-party (custodian Warden William True and his Staff at

USP – Marion).  Because interference of discovery may as well be no discovery at

all, Mr. Welch avers the following:

### Reasons to Grant a Preliminary Injunction

I     **Context**

1) Having been previously informed of Plaintiff's request for a preliminary

injunction, the Defendant did not raise an objection to the idea, and refrained

from addressing the request one way or the other. [ECF No. 37].  Duly

noticed, and to make the effort to comply with BOP regulations regarding

inmate CD/DVD digital media, Plaintiff requests **Defendant produce all**

**Discovery in printed form** for this purpose. Rule 65(a)(1) (notice).

2) Plaintiff's request is not overboard but is targeted to all discovery and case

materials.

    a) An exclusion to this request, however, is Plaintiff respects that BOP

       inmates are not authorized to possess any digital storable media such as

       CD/DVD's. Therefore, these items are hereby omitted from the

       preliminary injunction request.

    b) On the other hand, as *part* of the injunction, these items may be held in the

       inmate's central file under the care and custody of his case manager and

       any unit team Staff member.

    c) Plaintiff requests that the Court order the BOP make reasonable

       accommodations (20 hours per week) to permit him to view the contents

       of the CD/DVD at a private work station with full printing capabilities for

       the duration of this law suit.

3) The scope of the injunction is found at Fed. R. Civ. P., Rule 65(d)(2)(c).

Plaintiff requests the order bind persons who are "in participation" with a

party described in Rule 65(d)(2)(A) or (B). The Warden, mailroom Staff,

counselors, case managers, custody, etc., participate with Mr. Welch by

handling, screening, examining and scrutinizing all incoming and outgoing

mail before it reaches Mr. Welch's hands and before it ever makes it to the United States Postal Service.

## II    Further Facts and Authority in Support

4) The contrast of BOP Policy and actual behavior is not uniform.  One counselor (Mr. Thompson), for example, who covers the same wing of units and legal mail where Plaintiff is housed, says to inmates on a regular basis, "I don't have to do a fucking thing, I'm in the union."

5) The objective of the injunction is to ensure Mr. Welch's constitutional rights are protected and the institution's administration of custody is not interfered with, while reducing the costs of litigation.  This serves the useful purpose of proactively heading-off administrative scheduling problems caused by avoidable dispossession of legal material from Plaintiff's direct possession. Denial of this request will likely result in a lengthy and burdensome administrative remedy process that may or may not be available (depending on who is working), extending the time frame by several months to a year.

6) Based on Plaintiff's seven-year experience at the institution (both first-hand, and second-hand observation of several other's litigation), USP – Marion **regularly dispossesses inmate legal work**, prohibiting a "fair ground for litigation." *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997).

7) Past misconduct may be evidence that future misconduct is likely. *Lopez v. Garriga*, 917 F.2d 63, 67 (6ᵗʰ Cir. 1990). The high probability of participant non-party interference of discovery may as well be no discovery at all. Plaintiff will suffer "irreparable injury" to litigating the procedural and substantive merits of this case if the Court allows a participant non-party to interfere with any legal correspondence (correspondence and discovery which the same court has already ordered the parties participate in under the Scheduling Order). [ECF No. 25]. In addition, the risk of future harm affects Plaintiff personally. *Young v. Lane*, 922 F.2d 370, 373-74 (7ᵗʰ Cir. 1991).

8) There is no substantial harm to the third-party (Warden William True, his Staff, or the management of the institution). In truth, a grant of this injunction means that Mr. Welch be left alone to prosecute the matter in the court without exacerbating the already burdensome hindrances and hardships of incarceration.

## II    Legal Standards and Argument

Under *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6ᵗʰ Cir. 2012), four factors guide the decision to grant a preliminary injunction:

1) Whether the movant has a strong likelihood of success on the merits.
2) Whether the movant would suffer irreparable injury absent the injunction.
3) Whether the injunction would cause substantial harm to others.
4) Whether the public interest would be served by the issuance of an injunction.

1)  <u>Whether the movant has a strong likelihood of success on the merits.</u>

   For cases like those at bar (where participant non-party interference is likely), a substitute for "success on the merits," is the test of whether Plaintiff has a "**fair ground for litigation**." *Six Clinics Holding Corp. v. Cafcamp sys. Inc.*, 119 F.3d 393, 402 (6th Cir. 1997)  (The weight of dispossessed discovery may tip the balance of hardships in Plaintiff's favor).

2)  <u>Whether the movant would suffer irreparable injury absent the injunction.</u>

   There is actual danger of future violations of my rights. *Farmer v. Brennan*, 511 U.S. 825, 846 (1994).  Incoming mail screening for weight and size is strictly rejected if it is over 1" thick, or over 16 oz.  The actual content is irregularly filtered or denied depending on who is working that day.

   These factually (observed) occurrences constitute serious risk. *Patterson v. Mintoos*, 717 F.2d 284, 288 (6th Cir. 1983)  (confiscation or destruction of prisoner's legal papers and books); *Christopher v. Harbury*, 536 U.S. 403, 414, 416 n.13 (2002)  (destruction or fabrication of evidence, or cover-ups of misconduct that deprive its victims access to the courts). Under federal law, spoliation of evidence may result in sanctions. *Atkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009).

3)  <u>Whether the injunction would cause substantial harm to others.</u>

   Again we find the "balance of hardships" test determines whether Plaintiff will suffer more harm without an injunction than prison officials will suffer if the injunction is granted.  Plaintiff believes the hardship to

his Constitutional rights to prosecute this case is greater than the harm to the Warden and his staff.

The participant non-party Warden, et al., may counter that "inmate safety and security" is adversely affected by Plaintiff having case-specific information involving a sex offense in his possession; but this is not reasonably supported where: (1) USP-Marion is a sex-offender institution; (2) all inmates are aware (via mandatory A&O Orientation) that approximately 60% of the population are former sex offenders; (3) most inmates possess their legal work, but this is not uniformly applied;  (4) Mr. Welch, like many *pro se* litigants, has a lockable legal box in his cell. The "inmate safety and security" mantra is unjustified here.

A notable policy-driven exception to inmate possession of legal material is the PSR and the Judgment and Commitment.  Plaintiff does not seek to enjoin these particular sacrosanct items to the injunction.  Rather, the fact that BOP Policy allows everything else (in theory if not in practice), will benefit the orderly administration of justice and not unduly burden the participant non-party Warden nor his Staff.

4)  Whether the public interest would be served by the issuance of an injunction:

Generally, it is always in the public interest for government officials, including prison personnel, to obey the Constitution and other laws. *Washington v. Reno*, 35 F.3d 1093, 1103 (6th Cir. 1994); *Llewelyn v. Oakland County Prosecutor's Office*, 402 F. Supp. 1379, 1393 (E.D. Mich. 1975) ("The Constitution is the ultimate expression of the public interest.")

The Sixth Circuit has often cautioned that these factors above are to be balanced, and are not prerequisites to be met. *Certified Restoration*, 511 F.3d at 542 (citation needed). In *Jones v. Bock*, 549 U.S. 199 (2007), the United States Supreme Court held that courts should not interpret the PLRA to depart from the usual procedural practices [here, a preliminary injunction against a participant non-party], except to the extent that the PLRA actually says to do so.

## Relief Sought

The requested injunction **(1)** directs prison personnel at USP-Marion (under preliminary injunction transferable to any other BOP facility) to permit Mr. Welch full control, immediate access, and full-time possession in his prison cell, and on his person all discovery material (document subpoenas, records, interrogatories, etc.), and all other legal matters; **(2)** direct the prison to refrain from retaliation, harassment, threats/promises, or intimidation during the pendency of this action whether or not as a result of this litigation (to include but not be limited to transfer from the cell, unit, or institution without Plaintiff's express, written consent; removal or denial of program or work participation without express, written consent; writing of bogus "shots"; nuisance "shake downs", etc.; **(3)** In the spirit of complying with the intent of BOP Policy, order the Defendant to produce all discovery and future filing in printed form, if it

currently exists in digital form only (such as a CD or DVD) due to the prohibition

on digital media into the preliminary injunction; **(4)** order the BOP make

reasonable accommodations (20 hours per week) to permit Plaintiff to view the

contents of the CD/DVD at a private (non-networked) inmate work station with

full printing capabilities for purposes of this law suit; and **(5)** Plaintiff's actual

PSR and the Judgment and Commitment (but not related material) are excluded

from this injunction request.


_August 9, 2018_
Date Executed

Under penalty of perjury pursuant to
28 U.S.C. § 1746, I swear and verify that
the foregoing is true and correct as an
affidavit; further, it has been deposited this
day in the institution's internal mail system
designed for legal mail, United States Postal
Service, first-class postage prepaid.

/s/ _Eric Welch_

Eric D. Welch, *pro se*
USM # 10444-089
P.O. Box 1000
Marion, IL 62959

## Certificate of Service

I hereby certify that a copy of the foregoing was mailed this day via United States

Postal Service, first-class postage prepaid upon the following:

M. Sean Fosmire
1440 W. Ridge Street, Suite C
Marquette, MI  49855-3199


_August 9, 2018_                          /s/ _Eric Welch_

Date Executed                             Eric D. Welch., *pro se*
                                          USM # 10444-089
                                          P.O. Box 1000
                                          Marion, IL  62959

Eric D. Welch
10444-089
United States Penitentiary
P.O. Box 1000
Marion, IL 62959.



CERTIFIED MAIL

7017 1450 0000 0834 6985



↔10444-089↔
U S Dist Court W D Michigan
110 Michigan ST NW
399 Federal Building
Grand Rapids, MI 49503
United States



Warden
United States Penitentiary
Marion, Il. 62959
Date: AUG 1 0 2018

This enclosed letter was processed through
special mailing procedures for forwarding to you.
The letter has neither been opened nor inspected.
If the writer raises a question or problem over
which this facility has jurisdiction,
you may wish to return the material for
further information on clarification.
If the writer encloses correspondence for
forwarding to another addressee, please return
enclosure to the above address.