UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC DEXTER WELCH,

       Plaintiff,

V

MARK L. DOBIAS,

       Defendant.
_____/

Case No. 2:17-cv-38
Hon. Timothy P. Greeley

| | |
|---|---|
| Eric Dexter Welch<br>10444-089<br>*In Pro Per*<br>Marion (USP)<br>U.S. Penitentiary<br>P.O. Box 1000<br>Marion, IL 62959 | M. Sean Fosmire<br>KITCH DRUTCHAS WAGNER<br>VALITUTTI & SHERBROOK, P.C.<br>Attorney for Defendant<br>1440 W. Ridge St. – Suite C<br>Marquette, MI 49855<br>(906) 228-0001<br>sean.fosmire@kitch.com |

**MOTION TO DISMISS AND
FOR SUMMARY JUDGMENT**

Defendant Mark Dobias, by his attorneys Kitch Drutchas Wagner Valitutti & Sherbrook, P.C., moves that this Court dismiss certain elements of the Complaint for failure to state a claim on which relief may be granted, and to grant summary judgment in his favor on the remaining elements, and in support states:

1. Defendant was the court-appointed attorney representing Eric Welch as defendant in a criminal matter brought before this Court in 2010. *United States v. Welch*, docket no. 10-cr-00008.

2. Welch was indicted in February 2010, arrested in Wisconsin in March 2010, and was brought to Michigan. Welch was a citizen of Wisconsin at that time.

**Kitch Drutchas
Wagner Valitutti &
Sherbrook**
ATTORNEYS AND COUNSELORS
1440 W. RIDGE STREET, SUITE
C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001

3. His case went to trial in October 2010, with Mr. Dobias representing him, and resulted in a conviction for possession of child pornography.

4. Welch was sentenced in December 2010.

5. Dobias also represented Welch during the period of appeal.

6. The appeal ended with an affirmance by the Sixth Circuit Court of Appeals, issued in October 2011. That marked the last professional service provided by the defendant.

7. Under Michigan law, a claim for legal malpractice accrues on the date of last professional service, and must be filed within two years after the date of accrual.

8. Plaintiff did not file this legal malpractice claim by October 2013.

9. There is a six-month discovery rule recognized for such claims, but the undisputed facts show that Welch knew of the existence of his purported claim many years before the filing of the Complaint.

10. There have been numerous filings by Welch in this Court since the *U.S. v. Welch* case was concluded, some of which are unrelated to the issues currently raised.

11. Welch did file a motion in April 2013, in an attempt to have this Court vacate his conviction and/or reduce his sentence under 28 USC 2255, arguing that defendant Dobias had not provided effective assistance at trial. That request was denied, and the complaint dismissed, by this court.

12. The averments that are made in the complaint, even considering them with the customary lenity given to *pro se* litigants, fail to properly allege a claim for professional negligence on the part of Mr. Dobias.

13. This motion is filed under Rule 12-b-6 of the Federal Rules of Civil Procedure, and under Rule 56 as well.

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
1440 W. RIDGE STREET, SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001

14. Under Rule 12-b-6, the complaint fails to state a claim on which relief may be granted.

15. Based on the dates as established in the Complaint and in this Court's docket entries, which are a matter of public record, the complaint in this case was filed long after the statute of limitations expired as to any potential legal malpractice claims.

16. Those filings also demonstrate that Mr. Welch had knowledge of the existence of his claim at the time of his trial in 2010 and when his 2255 motion was filed in April 2013.

17. The issues that are currently raised by Mr. Welch were previously raised, considered, and rejected by this Court in its ruling on the 2255 motion in January 2014. Based on the rule of collateral estoppel (issue preclusion), they may not be reraised now.

18. As to the Rule 56 grounds, there are no genuine issues of material fact, and the defendant is entitled (on the undisputed facts) to judgment in his favor as a matter of law.

FOR THESE REASONS, the defendant requests that this Court grant his motion.

Respectfully submitted,

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK, P.C.
Attorneys for Defendant

_____/s/_____

Date: November 7, 2018

M. Sean Fosmire
(906) 228-0001
sean.fosmire@kitch.com

MAR01:59378.1

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
1440 W. Ridge Street, Suite C
Marquette, Michigan 49855-3199
(906) 228-0001