UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————

| | | |
|---|---|---|
| ERIC DEXTER WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:17-cv-38 |
| v. | ) | |
| | ) | Honorable Gordon J. Quist |
| MARK L. DOBIAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **REPORT AND RECOMMENDATION**

This is a civil action brought *pro se* by a federal prisoner against Attorney Mark L. Dobias: the attorney that this Court appointed to defend plaintiff on federal child pornography charges. This lawsuit is not based on Attorney Dobias's representation of plaintiff on the federal criminal charges or on the appeal of his federal conviction. Rather, plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, and he alleges that Attorney Dobias committed malpractice, negligent misrepresentation, and ordinary negligence under Michigan law by failing to file a petition under 28 U.S.C. § 2254 challenging his 2007 plea-based Houghton County Circuit Court convictions.[1]

---

[1] Plaintiff seeks, among other things, to re-open his Section 2254 petition in *Welch v. Michigan*, No. 2:14-cv-243 (W.D. Mich.). (Am. Compl., 24, ECF No. 34, PageID.249). But the denial of that petition as time barred is final, *see Welch v. Mich.*, No. 16-1330 (6th Cir. Sept. 16, 2016), not subject to review herein. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a challenge to a state conviction or sentence).

The matter is before the Court defendant's motion for summary judgment. (ECF No. 53).   Plaintiff opposes defendant's motion (ECF No. 67, 69), except the request for summary judgment on plaintiff's ordinary negligence claim (*see* Pltf. Br. at 3, ECF No. 67, PageID.409) ("After adequate research time and material, Plaintiff voluntarily withdraws the claim of ordinary Negligence.").[2]   Defendant filed a reply brief (ECF No. 71) and plaintiff filed a sur-reply (ECF No. 73).[3]   For the reasons set forth herein, I recommend that the Court grant defendant's motion for summary judgment and enter a judgment in defendant's favor on all plaintiff's claims.

## Summary Judgment Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).   The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require

---

[2] No further discussion of plaintiff's negligence claim is necessary because he has abandoned the claim.  *See Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007).

[3] Under Rule 7.2(c) of the Local Civil Rules, leave of Court is required to file a sur-reply brief.  *See* W.D. MICH. LCIVR 7.2(c).  Although plaintiff did not obtain leave of Court, his sur-reply brief (ECF No. 73) is considered herein.  Defendant, having represented plaintiff in federal court on federal criminal charges, was apparently under the impression that plaintiff's references to section 2254 in his amended pleading were intended as references to section 2255, the statutory provision for a collateral attack on a federal conviction.  (Def. Br. at 7, PageID.334).  Plaintiff clarified in his brief that his references to section 2254 were intentional rather than inadvertent, and that he is claiming that defendant failed to act to save his section 2254 petition from being time barred.  (Pltf. Br. at 1-2, 21, 25-30, PageID.407-08, 427, 431-36).  Defendant's reply brief addressed plaintiff's claims, as clarified.  Allowing plaintiff's sur-reply brief provides him with an adequate opportunity to respond to the arguments that defendant presents in his reply brief.

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting only [a] 'metaphysical doubt' is insufficient to survive summary judgment.") (quoting

*Matsushita*, 475 U.S. at 586).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' "  *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

## Preliminary Matters

Plaintiff's Amended Complaint (ECF No. 34) is verified under penalty of perjury and it is considered as an affidavit in opposition to defendant's motion.  *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).  But "verified" arguments and legal conclusions are not evidence.  Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 662 (6th Cir. 2009); *Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D. Mich. Mar. 30, 2017).  The arguments presented in plaintiff's declaration (ECF No. 67-1, PageID.440-43) are considered as such.  Although plaintiff added verifications at the end of his brief and sur-reply brief (*see* Pltf. Brief, 31, ECF No. 67, PageID.437; Sur-reply Brief, 7, ECF No. 73, PageID.478), they are not considered as affidavits. "Arguments in parties' briefs are not evidence."  *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

## Relevant Facts

A.   Federal Criminal Conviction

On February 10, 2010, plaintiff, Eric Welch, was indicted by a federal grand jury on child pornography charges.  He is a Wisconsin resident and he was arrested

on March 4, 2010, in that State.  (Am. Compl. ¶ 8, PageID.232).  On March 30, 2010, plaintiff had his initial appearance in this Court in *United States v. Welch*, No. 2:10-cr-8 (W.D. Mich.).[4]  The Court appointed Attorney Mark Dobias as plaintiff's defense attorney on the federal charges.

"Almost immediately," plaintiff spoke with Attorney Dobias and asked him to do something meaningful about the perceived violation of a 2007 plea agreement related to a state court conviction.  (Am. Compl. ¶ 11, PageID.233).  Plaintiff states: "During April 2010 and following, [Attorney Dobias] said it was possible to attack the state court plea violation, but left it at that."  (*Id.*).

On October 5, 2010, a jury in this Court convicted plaintiff of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  After conviction, but before his sentencing, plaintiff sent three letters addressed to District Judge R. Alan Edgar.

On November 15, 2010, the Court filed the first of the three letters.  It prompted Attorney Dobias to write a letter to plaintiff that day, noting that plaintiff had not consulted with his attorney before sending his letter to Judge Edgar.  Plaintiff risked that Judge Edgar would consider plaintiff's letter as an aggravating factor at sentencing.  Attorney Dobias stated that he anticipated receiving the initial presentence report in the near future, and he asked plaintiff to refrain from sending

---

[4] The Court may take judicial notice of proceedings in its own and other courts of record.  *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citing *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)); *see also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010).

letters without consulting him.  (ECF No. 1-8, PageID.43).

On November 16, 2010, the Court filed the two remaining letters that plaintiff sent to Judge Edgar.  Once again, it prompted Attorney Dobias to write a letter that day asking plaintiff not to file anything else before he was sentenced, or at least to consult with him before he sent anything else to the Clerk.  (*Id.* at PageID.44).  On December 15, 2010, Judge Edgar sentenced plaintiff to the lowest end of the sentencing guidelines range:  168 months' imprisonment.

On December 22, 2010, plaintiff filed a notice of appeal.  He was represented by Attorney Dobias.   On March 14, 2011, Attorney Dobias sent plaintiff a letter regarding his appeal in *United States v. Welch*.  (ECF No. 1-9, PageID.45).  Attorney Dobias noted his receipt of plaintiff's March 7, 2011, correspondence.  He enclosed a copy of the trial transcripts, highlighted upcoming appellate briefing deadlines, and provided an explanation why he would not be raising any issue on appeal regarding the final presentence report.   In addition, Attorney Dobias gave the following response to plaintiff's inquiry regarding his 2007 state court criminal conviction:

> With respect to the state case, it is my opinion at this time that you are precluded from attacking the judgment contained therein for the reason that more than one year has expired from the last date that you could have filed an appeal on the Houghton County conviction.  However, I would have to conduct additional research to determine whether or not there is indeed an exception to this rule.  I highly doubt it.

(*Id.*).

In May 2011, Attorney Dobias filed a motion for leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  On October 20, 2011, the Sixth Circuit granted Mr. Dobias's motion.  None of the four potential issues identified by counsel

were arguable appellate issues, including the arguments that proceedings in state court undermined plaintiff's federal conviction:

> Counsel's second potential issue is that Mr. Welch's federal prosecution violated his double jeopardy rights. Mr. Welch also argues that his federal prosecution was barred by *res judicata* and it was unconstitutional because it was initiated only after state authorities turned over a copy of his computer hard drive to federal authorities in violation of his plea agreement in a prior state prosecution. Mr. Welch's federal prosecution was not barred by double jeopardy principles or *res judicata* because the federal government was not involved in the state prosecution. *See United States v. Mardis*, 600 F.3d 693, 696-97 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 365 (2010); *Smith v. United States*, 243 F.2d 877, 878 (6th Cir. 1957). Further, because no federal official was involved with Mr. Welch's state-court plea agreement, the federal government was not bound by the agreement, *see United States v. Sells*, 477 F.3d 1226, 1234 (10th Cir. 2007), and did not deny Mr. Welch due process by prosecuting him.

*See United States v. Welch*, No. 10-2677 (6th Cir. Oct. 20, 2011). Further, the Sixth Circuit's independent review of the record failed to reveal arguable appellate issues. Accordingly, the Sixth Circuit granted Attorney Dobias's motion for leave to withdraw and it affirmed this Court's judgment. Mr. Dobias did not represent plaintiff at any time after October 20, 2011.

On April 4, 2013, plaintiff filed a *pro se* motion for post-conviction relief under 28 U.S.C. § 2255, claiming violations of his Sixth Amendment right to effective assistance of counsel. On August 27, 2014, Judge Edgar held that there was no basis for disturbing the judgment, and he denied plaintiff's motion for post-conviction relief and denied his request for a certificate of appealability. On March 27, 2015, the Sixth Circuit denied plaintiff's application for a certificate of appealability. *See Welch v. United States*, No. 14-2286 (6th Cir. Mar. 27, 2015).

On February 24, 2016, plaintiff filed a document captioned as a motion for a status conference on his November 2010 Rule 33 motion for a new trial.  He asked Judge Edgar to interpret his November 2010 letters as a *pro* se motion for a new trial. On February 24, 2016, Judge Edgar denied plaintiff's motion because plaintiff had filed his motion for a new trial well beyond Rule 33(b)(1)'s three-year deadline for filing such as motion.  On March 14, 2016, Judge Edgar denied plaintiff's motion for reconsideration, and on March 22, 2016, he denied plaintiff's motion to strike the orders denying his motion for a new trial and for reconsideration.  On March 7, 2017, the Sixth Circuit affirmed Judge Edgar's decision denying plaintiff's motion for a new trial.  *See United States v. Welch*, No. 16-1399 (6th Cir. Mar. 7, 2017).   On April 7, 2017, the Court of Appeals denied plaintiff's motion for reconsideration. (Am. Compl. ¶ 25, PageID.237).

B.  State Criminal Conviction

On July 31, 2007, plaintiff pleaded guilty in Houghton County Circuit Court to accosting a child for immoral purposes in violation of MICH. COMP. LAWS § 750.145a, and no contest to interfering with a telecommunications access device in violation of MICH. COMP. LAWS § 750.540c(4).[5]   The Houghton County Assistant Prosecuting Attorney set forth the terms of the plea agreement on the record:

> In exchange for the plea of guilty to count one, accosting children for immoral purposes, and no contest to count two, telecommunications access device violations, the People will not be bringing any additional charges related in any way to the investigation or complaint 090-0000577-07, which involves computer usage, telecommunications

---

[5] The records regarding plaintiff's Houghton County Circuit Court conviction and his section 2254 petition are found in *Welch v. Michigan*, 2:14-cv-243 (W.D. Mich.).

usages or any other acts that are discussed in this particular police
report or that arise from that investigation.

*People v. Welch*, No. 07-2225-FH (Houghton Cty. Cir. Ct. May 16, 2012).  Plaintiff's

attorney, Mark Wisti, agreed that these were the terms of the plea agreement.

Plaintiff testified under oath that there were no promises beyond those discussed in

court.  (*Id.*).  Plaintiff was sentenced to a probationary term of 24 months, six months

of which would be served in the Houghton County Jail.  Plaintiff did not file a direct

appeal of his convictions or sentence.  On March 12, 2008, plaintiff was discharged

from supervision.

On March 23, 2012, plaintiff filed a motion for relief from judgment in

Houghton County Circuit Court.  Plaintiff argued that, in addition to the terms of the

plea agreement set forth on the record in open court, there were additional terms of

the plea agreement.  According to plaintiff, the assistant prosecuting attorney agreed

not to seek a federal prosecution against him, nor would he provide the federal

government with any evidence of plaintiff's wrongdoing.  Plaintiff did not ask Circuit

Court Judge Charles Goodman to disturb his state court convictions.  Instead,

plaintiff asked Judge Goodman to fashion a remedy that would "void" his federal

indictment, prosecution, and conviction.  On April 20, 2012, Judge Goodman denied

plaintiff's motion for relief from judgment.  The Houghton County Circuit Court did

not have the authority to affect, in any way, a federal conviction.

On May 16, 2012, Judge Goodman denied plaintiff's motion for

reconsideration.  He rejected plaintiff's claim that there were additional plea

agreement terms not disclosed in open court.  Plaintiff was claiming that he made a

-9-

material misrepresentation to the court while tendering his pleas, and claiming an entitlement to benefit from that misrepresentation. Even assuming this was true, allowing plaintiff to benefit from his misrepresentation would be unconscionable and would simply serve to promote deception during court proceedings.

On May 30, 2013, the Michigan Court of Appeals denied plaintiff's application for leave to appeal, and on July 2, 2013, it denied his motion for reconsideration. On November 25, 2013 the Michigan Supreme Court denied plaintiff's application for leave to appeal. On April 21, 2014, the Supreme Court of the United States denied plaintiff's petition for certiorari.

On November 25, 2014, plaintiff filed a petition in this Court under 28 U.S.C. § 2254 seeking relief from this conviction. *Welch v. Mich.*, 2:14-cv-243 (W.D. Mich.). On February 20, 2015, plaintiff filed an amended petition. On June 12, 2015, Magistrate Judge Timothy Greeley entered a report and recommendation recommending that the petition be dismissed because it was barred by the statute of limitations under 28 U.S.C. § 2244(d).

On July 13, 2015, District Judge Robert Holmes Bell adopted the report and recommendation over plaintiff's objections. Plaintiff had one year from the date his conviction became final to file a section 2254 petition. Plaintiff's one-year period for filing his section 2254 motion expired in 2009. On March 9, 2016, Judge Bell denied plaintiff's motion for relief from judgment. He rejected plaintiff's attempt to characterize letters that he wrote to Judge Edgar in November 2010 as applications for post-conviction relief. Plaintiff's letters did not evince an intent to serve as a

section 2254 petition. Further, plaintiff responded "no" to the question whether he had previously filed any type of petition, application, or motion in federal court regarding the conviction he was challenging in his section 2254 petition.

On September 16, 2016, the Sixth Circuit denied plaintiff's application for a certificate of appealability. *See Welch v. Mich.*, No. 16-1330 (6th Cir. Sept. 16, 2016). Plaintiff's "convictions became final on August 31, 2008," but because it was a Sunday, "the one-year limitations period actually began to run on Monday, September 1, 2008, and [it] expired on September 1, 2009."[6] (*Id.* at 3) (citation omitted). Plaintiff filed his "habeas corpus petition on November 25, 2014—more than five years after the statute of limitations had expired." (*Id.*). Although plaintiff filed a post-conviction motion for relief from judgment, that motion did not toll the statute of limitations because it was filed after the one-year statute of limitations had expired. (*Id.*) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)). Plaintiff's letters to Judge Edgar did not toll the statute of limitations. "[T]heir substance concerned Welch's federal sentencing." (*Id.* at 4). "[T]he letters did not directly challenge the state convictions or seek any relief in the state case. Because the letters were filed in Welch's federal criminal case and [could not] be construed as seeking state post-conviction relief, they [did] not toll the statute of limitations." (*Id.*). The Sixth Circuit found no basis for equitable tolling and that plaintiff did not make a credible showing of actual innocence that would allow plaintiff's habeas corpus

---

[6] Although the Sixth Circuit's order contains a discussion of plaintiff's argument that the statute of limitations began to run on a later date, the discussion is dicta. The appellate holding is that the statute of limitations expired on September 1, 2009.

petition to proceed despite its untimeliness.  (*Id.* at 4-5).  On January 9, 2017, the Sixth Circuit denied plaintiff's motion for rehearing.

      C.    <u>This Lawsuit</u>

    Plaintiff filed this lawsuit on February 24, 2017.  (ECF No. 1).  On May 10, 2017, the Court dismissed plaintiff's complaint for failure to state a claim upon which relief could be granted.  (ECF No. 8, 9).  On August 21, 2017, the Court denied plaintiff's motion for reconsideration.  (ECF No. 12).  Plaintiff filed a notice of appeal.  On April 25, 2018, the Sixth Circuit affirmed dismissal of plaintiff's claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The Court of Appeals found that this Court failed to address plaintiff's legal malpractice and negligent misrepresentation claims and remanded the matter for consideration whether the court has subject-matter jurisdiction over plaintiff's state law claims, and if so, whether his allegations were sufficient to withstand dismissal under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c).

    On July 24, 2018, with leave of Court, plaintiff filed his amended complaint (ECF No. 34), and it is his operative pleading.

## <u>Discussion</u>

## I.   **Malpractice**

    "Under Michigan Law, a legal malpractice claim has the following four elements:  '(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of

an injury; and (4) the fact and extent of the injury alleged.' " *McKenzie v. Berggren*, 99 F. App'x 616 (6th Cir. 2004) (quoting *Coleman v. Gurwin*, 503 N.W.2d 435, 436-37 (Mich. 1993)).

Plaintiff argues that Attorney Dobias committed legal malpractice by "failing to file a motion in federal court tolling the statute of limitations" which would have allowed him to exhaust his state remedies and "ultimately obtain federal review of his violated state-court plea agreement in an action under 28 U.S.C. § 2254." (Pltf. Br. at 1, ECF No. 67, PageID.407).

Attorney Dobias did not have any attorney-client relationship with plaintiff regarding any challenge to plaintiff's state-court convictions. On March 30, 2010, this Court appointed Attorney Dobias to represent plaintiff against federal criminal charges in *United States v. Welch*, No. 2:10-cr-8. It never appointed counsel to represent plaintiff in any challenge to his plea-based 2007 convictions in Houghton County Circuit Court. Plaintiff did not have a right to appointed counsel to represent him in his section 2254 petition. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . the right to appoint counsel extends to the first appeal of right, and no further.").

Further, plaintiff cannot establish negligence in Attorney Dobias's representation of the him, or that such negligence was a proximate cause of any injury. The Sixth Circuit held that, on September 1, 2009, the statute of limitations

for plaintiff to bring a section 2254 petition expired. *See Welch v. Mich.*, No. 16-1330. Plaintiff is precluded from re-litigating that issue.

Issue preclusion bars relitigating of an issue when the identical issue was raised and actually litigated in a prior proceeding, the determination of the issue was necessary to the outcome, the prior proceeding resulted in a final judgment on the merits, and the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *See, e.g., Sumeru Health Care Grp., L.C. v. Hutchins*, 657 F. App'x 381, 385 (6th Cir. 2016). Where, as here, the prior judgment was rendered in federal court, federal standards of issue and claim preclusion apply. *See Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001). All the elements of issue preclusion are present: The statute of limitations was raised and actually litigated, determination of the issue was necessary to the outcome of the prior proceeding, the proceeding resulted in a final judgment on the merits, and the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *See United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003).

This Court appointed Attorney Dobias to represent plaintiff on the federal charges on February 10, 2010, five months *after* the statute of limitations ran on plaintiff's section 2254 petition. No motion filed by Attorney Dobias in this Court or Michigan's courts could have reset the statute of limitations clock. A collateral motion in state court can only pause a statute of limitations that has not yet expired; it cannot "reset" the clock. *See Payton v. Brigano*, 256 F.3d at 407-08.

Plaintiff failed to convince this Court and the Court of Appeals that his letters to Judge Edgar regarding sentencing were motions.    He now claims that his attorney's letters of November 15 and 16, 2010, asking him to refrain from sending letters to the Court without consulting him, constituted malpractice and negligent misrepresentation because the attorney ordered him to stop writing to the federal court.    Further, plaintiff claims malpractice and negligent misrepresentation based on Attorney Dobias's March 14, 2011, letter because he failed to file a challenge to the state-court conviction that "he said he would 'research.'"    (Pltf. Brief, 27, PageID.433).    Plaintiff's arguments cannot withstand scrutiny.    Attorney Dobias's November 2010 letters clearly indicate that they are regarding "*USA v Welch*[,] File No. 2:10-cr-8" (ECF No. 1-8, PageID.43-44) and they do not contain any directive regarding any other case.[7]    Attorney Dobias's March 7, 2011, letter addressed "*United States v. Welch*," plaintiff's direct appeal of his federal conviction for possession of child pornography.    (ECF No. 1-9, PageID.45).    The letter does not indicate that Attorney Dobias agreed to file anything or research any issues regarding plaintiff's state-court convictions.[8]    If Attorney Dobias had undertaken such research, it would have confirmed his opinion that a section 2254 challenge to those convictions was

---

[7] Plaintiff is not claiming, nor could he, malpractice or negligent misrepresentation based on the sound legal advice not to send anything to the court regarding sentencing without first having it reviewed by counsel.

[8] Plaintiff's state court convictions do not provide any basis for disturbing his federal criminal conviction.    The federal government was not involved in the state prosecution.    No federal official was involved with the state-court plea agreement and the federal government was not bound by the agreement.    *United States v. Welch*, No. 10-2677 (6th Cir. Oct. 20, 2011).

-15-

barred by the statute of limitations.

Plaintiff cannot establish that Attorney Dobias's actions or inaction proximately caused him any injury. "To establish proximate cause, [p]laintiff 'must show that but for the attorney's alleged malpractice, [he] would have been successful in the underlying suit.' " *England v. O'Briant*, 1:17-cv-185, 2017 WL 4551356, at *2 (W.D. Mich. Sept. 18, 2017) (quoting *Bowden v. Gannaway*, 871 N.W.2d 893, 895 (Mich. Ct. App. 2015)). Plaintiff's section 2254 petition challenging his Houghton County Circuit Court convictions was barred by the statute of limitations before this Court appointed Attorney Dobias to defend plaintiff on the federal criminal charges.[9]

I find that Attorney Dobias is entitled to judgment in his favor as a matter of law on plaintiff's malpractice claim.

## II.           Negligent Misrepresentation

Plaintiff's claim of negligent representation fares no better. A claim of negligent misrepresentation requires proof that a party, to his detriment, justifiably relied on information prepared without reasonable care by one who owed the relying party a duty of care. *See Law Offices of Lawrence J. Stockler, P.C. v. Rose*, 436 N.W.2d

---

[9] It is appropriate to note that if plaintiff could somehow avoid the statute of limitations bar, he would still face the virtually insurmountable task of overcoming Judge Goodman's finding that plaintiff's plea agreement did not include any terms beyond those expressed in open court. This finding is entitled to a presumption of correctness and plaintiff would be required to rebut the presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In addition, this Court's consideration of the issue would be limited to the record presented to Judge Goodman. *See Cullen v. Pinholster*, 563 U.S. 170, 180-85 (2011). Judge Goodman did not find Attorney Wisti's 2011 affidavit regarding his "recollection" of the 2007 plea agreement (ECF No. 1-2, PageID.26) to be persuasive. The affidavit falls well short of clear and convincing evidence.

70, 79 (Mich. Ct. App. 1989). The tort of negligent misrepresentation requires, as a prerequisite, a duty of care. *Clark v. Grover*, 347 NW2d 748, 751 (Mich. Ct. App. 1984). Attorney Dobias did not owe plaintiff a duty of care regarding his Houghton County Circuit Court convictions because he never represented plaintiff in any challenge to those convictions.

"[A] claim for negligent misrepresentation must be based on misrepresentations of fact, not on opinions or omissions." *Donald v. Hi-Tec Bldg. Servs., Inc.*, No. 1:13-cv-472, at *2 (W.D. Mich. Oct. 3, 2013). A necessary element of misrepresentation is that there be a false representation. *See Tice v. Zimmer Holdings, Inc.*, No. 1:15-cv-134, 2015 WL 6619143, at *5 (W.D. Mich. Oct. 30, 2015); *Al-Mehdi v. Hafezi*, No. 238520, 2003 WL 21661006, at *3 (Mich. Ct. App. July 15, 2003). Plaintiff has not, and cannot, present evidence establishing the falsity of Attorney Dobias's representation to him that a section 2254 challenge to his 2007 Houghton County Circuit Court convictions was probably time-barred. It was.

For negligent representation, the plaintiff must establish that the defendant "failed to exercise reasonable care or competence in obtaining or communicating the information." *DBI Investments, LLC v. Blavin*, 617 F. Appx 374, 381 (6th Cir. 2015). Defendant's letters clearly indicate that the legal advice was provided in connection with plaintiff's sentencing on his federal conviction and his appeal of that conviction.

The plaintiff must establish proximate cause. *See Roncelli v. O'Reilly, Rancilio, Nitz, Andrews, Turnbull & Scott, P.C.*, No. 258951, 2006 WL 1360396, at *6 (Mich. Ct. App. May 18, 2006). Plaintiff cannot demonstrate proximate cause

-17-

because his section 2254 challenge to his Houghton County Circuit Court convictions was barred by the statute of limitations before this Court appointed Attorney Dobias to plaintiff on the federal child pornography charges.

Accordingly, I find that Attorney Dobias is entitled to judgment in his favor was a matter of law on plaintiff's negligent misrepresentation claim.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court grant defendant's motion for summary judgment (ECF No. 53) and enter a judgment in defendant's favor on all plaintiff's claims.

Dated: August 12, 2019                    /s/  Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).   General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).