UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC DEXTER WELCH,

        Plaintiff,

                                    Case No. 2:17-CV-38

v.

                                    HON. GORDON J. QUIST

MARK L. DOBIAS,

        Defendant.

                               /

**MEMORANDUM ORDER ADOPTING
REPORT AND RECOMMENDATION**

        Plaintiff, Eric Dexter Welch, has filed objections to Magistrate Judge Phillip Green's August 12, 2019, Report and Recommendation (R & R) (ECF No. 78), recommending that the Court grant Defendant Attorney Mark Dobias's motion for summary judgment. Because Welch's objections are without merit, the Court will overrule them, adopt the R & R, grant Attorney Dobias's motion for summary judgment, and dismiss Welch's complaint with prejudice.

        Following dismissal by this Court on initial screening pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (ECF Nos. 8 and 9), and a remand from the Sixth Circuit affirming in part and reversing in part this Court's dismissal (ECF No. 23), Welch's remaining claims in this case are that Attorney Dobias, whom this Court appointed to represent Welch on the federal charges against him in *United States v. Welch*, No. 2:10-CR-8 (W.D. Mich.), committed malpractice and negligent misrepresentation under Michigan law. In particular, Welch alleges that, during his representation of Welch, Attorney Dobias failed to file a habeas corpus petition under 28 U.S.C. § 2254 challenging Welch's 2007 plea-based state-court convictions to accosting a child for immoral purposes, in violation of M.C.L. § 750.145a, and to interfering with

a telecommunications access device, in violation of M.C.L. § 750.540c(4).  In his August 12, 2019, R & R, the magistrate judge concluded that Welch's legal malpractice claim fails because: (1) this Court appointed Attorney Dobias to represent Welch on the federal charges in Case No. 2:10-CR-8, not to represent Welch in any challenge to his 2007 state-court convictions, and Attorney Dobias did not have an attorney-client relationship with Welch regarding a challenge to Welch's 2007 state-court convictions; and (2) Welch cannot establish that Dobias was negligent or that any negligence was the proximate cause of any injury Welch suffered because Welch's prior § 2254 proceeding conclusively established that the one-year limitations period for Welch to file his § 2254 petition expired on September 1, 2009—five months before this Court appointed Attorney Dobias to represent Welch.  (ECF No. 78 at PageID. 499–500.)  The magistrate judge also concluded that issue preclusion bars Welch from relitigating the statute-of-limitations issue in the instant case.  (*Id.* at PageID.500.)  As for Welch's negligent misrepresentation claim, the magistrate judge concluded that the claim fails because: (1) Attorney Dobias did not owe Welch a duty regarding his 2007 state-court convictions; (2) Attorney Dobias's representation that a § 2254 petition challenging the 2007 state-court convictions was probably time-barred was an accurate assessment of the statute-of-limitations issue and, therefore, was not false; and (3) Welch cannot demonstrate proximate cause because his § 2254 petition was time-barred before Attorney Dobias was appointed to represent Welch on the federal child pornography charges.

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a de novo review of the R & R, Welch's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

First, regarding the existence of an attorney-client relationship, Welch does not dispute that this Court appointed Attorney Dobias solely to represent Welch on the federal child pornography charges. The scope of that appointment was limited to representing Welch on the federal charges and did not extend to filing a § 2254 petition regarding the 2007 state-court convictions. Welch argues, however, that Attorney Dobias had a duty not to interfere with Welch's filing of a § 2254 petition. (ECF No. 79 at PageID.515.) As the Court understands it, Welch contends that the November 15 and 16, 2010, letters that Attorney Dobias wrote to Welch asking him to refrain from sending letters to Judge Edgar in the federal criminal case without first consulting with Attorney Dobias precluded Welch from filing a § 2254 petition while his criminal case was pending. (ECF No. 1-8 at PageID.43–44.) This argument lacks merit because, as the magistrate judge noted, Attorney Dobias's letters referred to the federal criminal case and cannot reasonably be interpreted as an instruction to Welch not to file a § 2254 petition regarding his 2007 state-court convictions, as Welch was free to do. In short, Welch cannot rely on Attorney Dobias's letters to show that Attorney Dobias interfered with Welch's ability to file a § 2254 petition.

Welch also objects to the magistrate judge's conclusion that the Sixth Circuit's holding in its order denying Welch a certificate of appealability was that the statute of limitations expired on September 1, 2009, and that the remainder of the court's discussion regarding the statute of limitations is dicta. In fact, the Sixth Circuit held:

> Because "the day of the event that triggers the period" is not counted, and August 31, 2008 was a Sunday, the one-year limitations period actually began to run on Monday, September 1, 2008, see Fed. R. Civ. P. 6(a0(1)(A) & (C), and expired on September 1, 2009. Welch's habeas corpus petition was filed on November 25, 2014—more than five years after the statute of limitations expired.

*Welch v. Michigan*, No. 2:14-CV-243 (W.D. Mich), ECF No. 32 at PageID.273. This was the Sixth Circuit's holding.

3

But even if the statute of limitations began to run at a later date—March 4, 2010, as Welch had argued because that was the day he realized the state had breached its plea agreement by referring the case to federal authorities for prosecution—such that Attorney Dobias could have timely filed a § 2254 petition for Welch, Welch's claim is barred on another ground not addressed in the R & R but raised in Attorney Dobias's motion. That is, Welch's malpractice claim is barred by the Michigan statute of limitations. "A legal malpractice claim must be brought within two years of the date the claim accrues, or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later." *Kloian v. Schwartz*, 272 Mich. App. 232, 237, 725 N.W.2d 671, 675 (2006) (citing M.C.L. §§ 600.5805(6) and 600.5838). Pursuant to M.C.L. § 600.5838(1),

> a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

Here, the attorney-client relationship between Welch and Attorney Dobias terminated on October 20, 2011, when the Sixth Circuit granted Attorney Dobias's motion to withdraw. *United States v. Welch*, No. 2:10-CR-8, ECF No. 85.[1] *See Mitchell v. Dougherty*, 249 Mich. App. 668, 683, 644 N.W.2d 391, 399 (2002) ("Generally, when an attorney is retained to represent a client, that representation continues until the attorney is relieved of the obligation by the client or the court."). Welch filed his original complaint in this case on February 17, 2017, more than five years after the attorney-client relationship was terminated.

---

[1] Welch argues in his objections that the magistrate judge erred in stating that Attorney Dobias did not represent Welch after October 20, 2011, because the Sixth Circuit's October 20, 2011, Order was stayed until January 4, 2012, when the Sixth Circuit denied Welch's petition for rehearing en banc and panel rehearing. Whether Attorney Dobias was relieved of his representation of Welch on October 20, 2011, or January 4, 2012, is immaterial for the statute-of-limitations analysis.

Welch cannot benefit from the discovery rule to save his claim. Application of the discovery rule—six months after the plaintiff discovered or should have discovered the existence of the claim, M.C.L. § 600.5838(2), is determined according to an objective view of the facts. *Milostan v. Troy Internal Medicine*, No. 317704, 2015 WL 213134, at *4 (Mich. Ct. App. Jan. 15, 2015) (citing *Solowy v. Oakwood Hosp. Corp.*, 454 Mich. 214, 232, 561 N.W.2d 843, 847, 850–51 (1997)). "[T]he standard under the discovery rule is not that the plaintiff knows of a 'likely' cause of action. Instead, a plaintiff need only discover that he has a 'possible' cause of action." *Gebhardt v. O'Rourke*, 444 Mich. 535, 544, 510 N.W.2d 900, 904 (1994). "Once a plaintiff is aware of an injury and its possible cause, the plaintiff is equipped with the necessary knowledge to preserve and diligently pursue his claim." *Solowy*, 454 Mich. at 223, 561 N.W.2d at 847. The objective facts show that, at the latest, Welch should have discovered any possible claim he had against Attorney Dobias within days of Judge Bell's July 13, 2015, Order adopting the June 12, 2015, Report and Recommendation in Welch's habeas case, *Welch v. Michigan*, No. 2:14-CV-243, ECF No. 16, in which Judge Bell said that even if the statute of limitations did not begin to run until March 2010—when the federal government arrested Welch and he became aware that his state-court plea agreement had been breached—Welch's habeas petition was still untimely. *Id.* at PageID.175–76. At that point, Welch knew that the one-year limitations period expired in March 2011, and that if Attorney Dobias had agreed to file a § 2254 petition, as Welch alleges, Attorney Dobias failed to do so within the applicable one-year period. Welch took no action on his claim for more than eighteen months after he should have discovered it.

Finally, the Court concurs with the magistrate judge's conclusion that Attorney Dobias did not owe Welch a duty of care with regard to Welch's 2007 state-court convictions. Regardless, even assuming that Attorney Dobias owed Welch a duty, the alleged misrepresentations—that Attorney

Dobias would file a § 2254 petition for Welch and that a section 2254 challenge would be time-barred—cannot form the basis of a negligent misrepresentation claim. First, Attorney Dobias's statement that the petition would be time-barred was a legal opinion that cannot support a negligent misrepresentation claim. *See City Nat'l Bank of Detroit v. Rodgers & Morgenstein*, 155 Mich. App. 318, 323–25, 399 N.W.2d 505, 507–08 (1986). Second, to the extent that the misrepresentation claim is based on Attorney Dobias's alleged promise to file a § 2254 petition, such cannot support a negligent misrepresentation claim. "Misrepresentations must relate to past or existing facts, and '[a] promise regarding the future cannot form the basis of a misrepresentation claim.'" *Waun v. Universal Coin Laundry Mach., LLC*, No. No. 267954, 2006 WL 2742007, at *4 (Mich. Ct. App. Sept. 26, 2006) (quoting *Forge v. Smith*, 458 Mich. 198, 212, 580 N.W.2d 876, 884 (1998)).

Therefore,

**IT IS HEREBY ORDERED** that the August 12, 2019, Report and Recommendation (ECF No. 78) is **ADOPTED** as the Opinion of this Court. Plaintiff's Objection (ECF No. 79) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and for Summary Judgment (ECF No. 53) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.


Dated: September 18, 2019            /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE